UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENOH A. JOHNSON,<br><br>        Plaintiff,<br><br>        v.<br><br>SYMONE S. SALMON, et al.,<br><br>        Defendants. | Civil Action No. 15-11781-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                                June 2, 2016

## I. Introduction

### A. Procedural Background

On May 1, 2015, plaintiff Enoh Johnson ("Johnson") filed a complaint on behalf of himself and his two minor children pursuant to 42 U.S.C. § 1983 and the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"). He named as defendants Symone Salmon ("Salmon"), the mother of his children and Kathleen LaSalle ("ADA LaSalle"), an Assistant District Attorney for Ventura County, California. Johnson's claims concern the alleged abuse of his children and his unsuccessful efforts to retain custody of his children through litigation in both the Massachusetts and California state courts. As relief, Johnson sought, *inter alia*, an order vacating the California custody judgment and reinstating a custody order from the Suffolk County Probate & Family Court ("Suffolk Probate Court"). He also sought an order awarding jurisdiction over the custody issues to the Commonwealth of Massachusetts. Finally, he sought monetary damages of one million dollars for his children for the alleged abuse they suffered while in the custody of their mother.

On September 10, 2015, the Court (Cabell, M.J.) issued a Memorandum and Order, D. 5,

granting Johnson leave to proceed *in forma pauperis* and directing certain documents be placed under seal insofar as they contained confidential information about the minor children. Additionally, the Memorandum and Order addressed the numerous legal impediments to Johnson's claims that subjected this action to dismissal.

In light of the legal impediments discussed in the Memorandum and Order, Johnson was directed to demonstrate good cause why this action should not be dismissed, or, in the alternative, file an Amended Complaint.

On November 20, 2015, Johnson filed a document entitled "Motion to Amend." D. 10. On March 8, 2016, this action was reassigned to this Court for further proceedings.

      B.     The Amended Complaint

As a threshold matter, this Court will construe Johnson's motion to amend as his amended complaint, which shall supersede his original. Significantly, Johnson does not include defendants Salmon or ADA LaSalle in the amended complaint. Instead, he names Police Officer Ryan Cunningham ("Officer Cunningham") and School Principal Ms. Mary Driscoll ("Principal Driscoll") as defendants   Additionally, Johnson does not invoke expressly any claims pursuant to the CAT or 42 U.S.C. § 1983; however, in the body of his amended complaint, he asserts due process violations by the new defendants, alleging that they acted under color of state law. Johnson does, however, allege expressly that his first claim for relief arises under the "Child Abuse Prevention and Treatment Act as amended by P.L. 111-320, the CAPTA Reauthorization Act of 2010." ("CAPTA") Am. Compl., D. 10, at 1. His second claim for relief arises under "Family Code Title 5 (The Parent-Child Relationship) Subtitle B. suits affecting the parent-child relationship. Chapter 152 (uniform child custody Jurisdiction and Enforcement Act and thereof.[)]" ("Family Code 5"). Id.

Next, Johnson reiterates his allegations in the original complaint with respect to child custody disputes and the alleged abuse of his children. Briefly, in 2008, the Suffolk Probate Court granted him and Salmon joint legal and physical custody of their minor children. He claims that in 2011, while the children were living with their mother in California, they were abused by Salmon

2

and other family members. Thereafter, in December 2012, Johnson filed, in the Suffolk Probate Court, a motion for a modification of custody of his children to protect them from domestic violence. In March 2013, the Suffolk Probate Court granted him temporary custody of his children. In 2014, the children were placed in a mental health treatment program through the Massachusetts Department of Children and Family Services and were attending school in Massachusetts.

In October 2014, Salmon appeared in the Ventura County Superior Court in California and was granted temporary custody, allegedly without Johnson's knowledge or consent and without service of notice on him by Salmon. In view of this custody order, Salmon flew from California to Massachusetts and removed the children from school and from their mental treatment.[1] Prompted by Salmon's actions, Johnson disputed the jurisdiction of the Ventura County Superior Court to grant temporary custody to Salmon and challenged the propriety of doing so based on her alleged record of abuse. On November 7, 2014, the Ventura County Superior Court again awarded temporary custody to Salmon. Johnson alleges, for a number of reasons, that the Ventura County Superior Court lacked authority to award Salmon custody.

In May 2015, the Suffolk Probate Court issued a decision finding that it did not have jurisdiction over Johnson's motion for modification of custody. Johnson disagrees with this finding and argues that the children are domiciliary citizens of Massachusetts and thus it has jurisdiction because it is the "home state" of the children.

Turning to the new claims in the Amended Complaint, Johnson alleges that Officer Cunningham called Salmon on November 1, 2014 and ordered her to return the children to Johnson. He also alleges that on the same day, Boston Police Officer Sgt. O'Neill (not named as a defendant in the amended complaint) called both Salmon and the children's grandmother, Laura Hopkins, and ordered them to return the minor children to Johnson. He further alleges that Officer Cunningham knew about the abuse and neglect of his children and was acting under color of state law when he

---

[1] As discussed *infra*, it is the action of taking the children from school that forms the basis of Johnson's new claims.

made a custody decision in favor of Salmon, by allowing the children to remain living with her. Further, he alleges that, due to Officer Cunningham's lack of understanding of probate and family laws, he did not act properly, because he should have insisted that both parties bring the matter before the Suffolk Probate Court, to have that court decide on custody.

Next, with respect to Principal Driscoll, Johnson claims that she was acting under color of law when she made a custody decision in favor of Salmon, despite knowing of the abuse from the children's mother. Johnson contends that she should have insisted that both parties bring this matter before the Suffolk Probate Court to decide on custody.

## II. Discussion

### A. The Amended Complaint is Subject to Preliminary Screening

Because Johnson is proceeding *in forma pauperis*, the amended complaint is subject to preliminary screening, pursuant to 28 U.S.C. § 1915, which, as noted in the prior Memorandum and Order, authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact or if the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

In addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte,* into its own subject matter jurisdiction. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). As an additional matter, when subject matter jurisdiction is lacking, there is no arguable or rational basis in law or fact for a claim, and thus the action may be dismissed *sua sponte* under § 1915. Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002).

Because Johnson is proceeding *pro se*, this Court liberally construes his amended complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even under a liberal construction, however, there are a number of legal impediments to this action that warrant dismissal, as set forth below.

B.   Dismissal of Claims Against Salmon and ADA LaSalle

In view of the amended complaint, which supersedes the original and which does not contain claims against Salmon and ADA LaSalle, all claims against them shall be DISMISSED.

C.   Dismissal of Claims Brought on Behalf of Minor Children

Next, as noted in the prior Memorandum and Order, Johnson may not represent the interests of his minor children because he is not a duly-licensed attorney admitted to practice in this Court. Johnson has not addressed expressly this issue in his amended complaint. In any event, to the extent that his amended complaint includes claims on behalf of his minor children based on alleged abuse, those claims are DISMISSED without prejudice.

D.   Dismissal of Claims Against Officer Cunningham and Principal Driscoll

Under a broad reading of the Amended Complaint, the Court considers Johnson's factual claims to be two-fold. First, he claims the defendants should not have released the children into Salmon's custody on October 31, 2014 because they knew of the past abuse of the children. Second, he claims the defendants are liable because they should have told him to go to Suffolk Probate Court to resolve the custody dispute.

1. The Rooker-Feldman Doctrine Bars Claims Relating to Custody Decisions

With respect to the first claim (release of custody of the children to Salmon), this Court lacks jurisdiction to consider this claim, based on the Rooker-Feldman doctrine.[2] At base, Johnson's claims present challenges to the validity of the California custody order and/or the Suffolk Probate Court's order determining it lacked jurisdiction. His claims -- that these defendants made a "custody

---

[2] The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See Feldman, 460 U.S. at 486; see also Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008) (stating that the Rooker-Feldman doctrine, "in broad terms, deprives the district court of subject matter jurisdiction over a final judgment of a state court"); Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008)(stating that the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court'") quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005))).

decision" to released the children to the mother's custody -- necessarily would require this Court to delve into the validity of the California and Massachusetts orders.[3] The Rooker-Feldman bar applies also to any due process claims pursuant to 42 U.S.C. § 1983 and to Johnson's express claims for relief under CAPTA and Family Code 5.

Notwithstanding the above, with respect to the second claim (failure to advise him to go to Suffolk Probate Court), Rooker-Feldman does not appear to bar this claim insofar as it is not intertwined with the custody orders of the state courts. Nevertheless, Johnson fails to state a claim upon which relief may be granted, and, concomitantly, fails to set forth any *bona fide* federal question to invoke this Court's federal question jurisdiction.

2. Failure to State *Bona Fide* Federal Claims That Would Invoke Federal Question Jurisdiction; Declination to Exercise Supplemental Jurisdiction

As an initial matter, there is no basis for the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332 insofar as all parties appear to be Massachusetts citizens for purposes of diversity considerations. With respect to federal question jurisdiction pursuant to 28 U.S.C. § 1331, this Court finds it lacks jurisdiction over Johnson's claims for the reasons set forth below.

A. Claims Pursuant to The Child Abuse Prevention and Treatment Act Are Not Plausible

Johnson raises claims against Officer Cunningham and Principal Driscoll purportedly under CAPTA, 42 U.S.C. §§ 5101, *et seq*. although he fails to state under which provision he relies or any factual or legal basis for holding these particular defendants liable under this Act. In any event, those claims are not cognizable because CAPTA, a federal funding statute enacted pursuant to

---

[3]Based on this conclusion, the Court need not address whether the domestic relations exception to jurisdiction (an abstention doctrine) would serve as a bar to this Court's review of the challenged custody decisions in this action. See Armstrong v. Armstrong, 508 F.2d 348 (1st Cir. 1974)); Sutter v. Pitts, 639 F.2d 842, 843 (1st Cir. 1981) ("[A]lthough the exception has been narrowly confined, we and other courts of appeals, have held that federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception."); see LaMontagne v. LaMontagne, 394 F. Supp. 1159, 1169 (D. Mass. 1975) (holding that reasons of comity and common sense made abstention appropriate where, although father of minor child sued mother, probation officers and others alleging violation of Eighth and Fourteenth Amendment rights, the action was essentially a domestic relations contest).

Congress's spending power, does not create a private right of action. Eric L. By and Through Schierberl v. Bird, 848 F. Supp. 303, 312 (D.N.H. 1994) (dismissing CAPTA claims since the statute does not create enforceable obligations, citing Jensen v. Conrad, 570 F. Supp. 91, 112-13 (D.S.C. 1983) (holding CAPTA unenforceable under 42 U.S.C. § 1983)), aff'd 747 F. 2d 185 (4th Cir. 1984), cert. denied, 470 U.S. 1052 (1985)). See Hilbert S. v. County of Tioga, C.A. No. 03-00193, 2005 WL 1460316, at * 14 (N.D.N.Y. 2005) (noting agreement with the reasoning of those case that have held that CAPTA does not create clear and unambiguous obligations on the State that arise to the level of an enforceable right.). CAPTA "requires states to implement procedures of child abuse and protection of children in order to receive federal funds." Jordan v. City of Philadelphia, 66 F. Supp. 2d 638, 648 (E.D. Pa. 1999). It does not create a private cause of action in its express language, nor does it create a private cause of action under 42 U.S.C. § 1983. Id. at 648-49 (discussing case law and holding with the view of the majority on this issue that CAPTA does not create a private cause of action under § 1983).

        B.     Claims Pursuant to 42 U.S.C. § 1983 Are Not Plausible

As noted above, Johnson expressly asserts only two causes of action, but the body of his amended complaint appears to assert due process claims under 42 U.S.C. § 1983. Based on the allegations presented, this Court does not conclude that Johnson has stated any plausible claims for relief for violations of civil rights because there is no rational basis for finding any wrongdoing by the defendants with respect to performing their duty in honoring a seemingly valid child custody order as recounted in exhibits attached and incorporated into the amended complaint which the Court must except as true for purposes of § 1915 screening. Barnett v. Levin, C.A. No. 12-00518, 2013 WL 684454, at * 1 (D.N.H. 2013) (legal standard in § 1915(e)(2) screening is same standard used in ruling on a Rule 12(b)(6) motion: accept well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff). Similarly, with respect to the defendants' (non-lawyers) failure to provide "legal advice" to Johnson to pursue the custody issues in state court, those claims simply are not plausible. Indeed, even if this Court were to disregard the incident report attached to the

amended complaint and consider only Johnson's allegations in the Amended Complaint itself, there simply is no basis to find that these defendants had any duty to Johnson or violated any such duty. Although as a general matter, the interference with parental interests in the care, custody and control of their children have constitutional due process implications, see Hatch v. Department for Children, Youth and Their Families, 274 F. 3d 12, 20 (1st Cir. 2001), no unconstitutional interference with parental rights has been pled in this case, particularly where Johnson does not dispute the existence of the Ventura County Superior Court and Suffolk Probate Court orders upon which the defendants relied; he only disputes the validity of those orders.[4]

### C. Declination to Exercise Supplemental Jurisdiction Over State Law Claims

Finally, Johnson asserts claims under Family Code Title 5, Subtitle B, Chapter 152. The Court presumes Johnson is invoking the Massachusetts version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), known as the Massachusetts Child Custody Jurisdiction Act ("MCCJA"). The MCCJA governs child custody litigation in which a custody dispute is presented for resolution. It defines "home state" for custody determinations, and sets forth the jurisdiction of a court to decide custody matters, including initial determinations and modifications of custody judgments. See Mass. Gen. Laws ch. 209B, §§ 1-2.

Here, Johnson has failed to set forth any underlying facts to show that Officer Cunningham

---

[4]As an additional matter, the Court cannot grant relief under § 1983. Johnson does not specify the relief sought; however, to the extent that he seeks an order directing the return of custody to him, the Court lacks jurisdiction to make such an order. Further, to the extent that he seeks monetary damages, Officer Cunningham and Principal Driscoll, acting in their official capacities, are entitled to sovereign immunity damages. See Pennhurst State Sch.& Hosp. v. Halderman, 465 U.S. 89, 101-02, n.11 (1984) (the Eleventh Amendment extends to confer immunity from suit upon state officials when "the state is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . ., or interfere with the public administration . . . ."); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office). Johnson has not set forth any basis for liability of the defendants in their individual capacities. His allegation that these defendants lacked knowledge of probate and family matters does not have constitutional implications. Finally, Johnson cannot show he suffered damages by the alleged failure of the defendants to advise him to go to Suffolk Probate Court to pursue his custody challenges insofar as it was clear that Johnson knew of this avenue and already had pending a challenge to the custody order in the Suffolk Probate Court.

and/or Principal Driscoll violated the MCCJA and this Court reasonably cannot infer any. In any event, putting aside any Rooker-Feldman jurisdictional bar (because invocation of this statute goes to the heart of child custody issues already determined by the state courts), Johnson's allegations that the defendants violated this state statute do not raise constitutional concerns and do not raise a federal question.

In light of the above, absent a *bona fide* basis for the federal question jurisdiction pursuant to 28 U.S.C. § 1331, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over any claim based under the MCCJA and those claims shall be dismissed without prejudice.[5]

### III. Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. All claims against defendants Salmon and LaSalle, as set forth in the original Complaint, are DISMISSED in view of the Amended Complaint, D. 10, naming other defendants;

2. All claims purportedly brought on behalf of plaintiff's children are DISMISSED without prejudice insofar as plaintiff is not a duly-licensed attorney and cannot represent the interests of his children;

3. Plaintiff's § 1983 claims and his CAPTA claims against defendants Officer Cunningham and Principal Driscoll, contained in the Amended Complaint, D. 10, are DISMISSED;

4. Plaintiff's state-law claims under MCCJA, contained in the Amended Complaint, D. 10, are DISMISSED without prejudice; and

5. This case is DISMISSED in its entirety and shall be closed on the Court's dockets.

**So ordered.**

    /s/ Denise J. Casper
United States District Judge

---

[5] "When a plaintiff's anchor claim is a federal cause of action and the court unfavorably disposes of the plaintiff's federal claim at the early stages of a suit, well before trial, the court generally dismisses any supplemental state-law claims without prejudice. Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995); see Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 191 (1st Cir. 2011); Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed")."